# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO,
# WESTERN DIVISION

| | | |
|---|---|---|
| **TIMOTHY RESER** <br> 2119 Martin Ave. <br> Fremont, Ohio 43420, | ) <br> ) <br> ) <br> ) | Case No. <br><br> **Judge** |
| and | | |
| **JOSEPH ALEJANDRO** <br> 1226 ½ Sycamore St. <br> Fremont, Ohio 43420, | ) <br> ) <br> ) <br> ) | |
| and | | **CLASS ACTION COMPLAINT** <br> **WITH JURY DEMAND** |
| **WILLIAM HOFFMAN** <br> 554 Church Street <br> Oak Harbor, Ohio 43449, | ) <br> ) <br> ) <br> ) | |
| and | | |
| **AMY M. LEVARIO** <br> 2262 Napoleon Rd. <br> Fremont, Ohio 43420, | ) <br> ) <br> ) <br> ) | |
| and | | |
| **RICHARD HUFF** <br> 606 W. Stevenson St. <br> Gibsonburg, Ohio 43431, | ) <br> ) <br> ) | |
| Plaintiffs, | | |
| **vs.** | ) | |
| **ATLAS INDUSTRIES, INCORPORATED** <br> c/o Richard J. Clark, Statutory Agent <br> 297 County Road 74 <br> Helena, Ohio 43435, | ) <br> ) <br> ) | |
| Defendant. | | |

*****************************************************************

Now come the plaintiffs, by and through counsel, and for their Complaint against the defendant they state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104 (a)(5).

2. The violation of the WARN Act alleged herein occurred in this District and more particularly in both Fremont and Tiffin, Ohio.

3. Jurisdiction and venue are therefore proper pursuant to 28 U.S.C. § 1391.

## PARTIES AND BACKGROUND

4. Plaintiff Timothy Reeser is a natural person who resides and at all relevant times has resided on Martin Avenue in Fremont, Sandusky County, Ohio.

5. At all relevant times plaintiff Timothy Reeser was a salaried employee of defendant Atlas Industries, Incorporated and worked at its Fremont, Ohio Plant.

6. Plaintiff Joseph Alejandro is a natural person who resides and at all relevant times has resided on Sycamore Street in Fremont, Sandusky County, Ohio.

7. At all relevant times plaintiff Joseph Alejandro was an hourly employee of defendant Atlas Industries, Incorporated and worked at its Fremont, Ohio Plant.

8. Plaintiff William Hoffman is a natural person who resides and at all relevant times has resided on Church Street in Oak Harbor, Ottawa County, Ohio.

9. At all relevant times plaintiff William Hoffman was an hourly employee of defendant Atlas Industries, Incorporated and worked at its Fremont, Ohio Plant.

10. Plaintiff Amy Levario is a natural person who resides and at all relevant times has resided on Napoleon Road in Fremont, Sandusky County, Ohio.

11. At all relevant times plaintiff Amy Levario was an hourly employee of defendant Atlas Industries, Incorporated and worked at its Fremont, Ohio Plant.

12. Plaintiff Richard Huff is a natural person who resides and at all relevant times has resided on West Stevenson Street in Gibsonburg, Sandusky County, Ohio.

13. At all relevant times plaintiff Richard Huff was an hourly employee of defendant Atlas Industries, Incorporated and worked at its Fremont, Ohio Plant.

14. Defendant Atlas Industries, Incorporated is an Ohio Corporation.

15. On or about September 6, 2019 defendant Atlas Industries, Incorporated announced without giving 60 days' notice that its Plants in Fremont and Tiffin, Ohio, would both be permanently closing and that all employees would be terminated.

### CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104 (a)(5)

16. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

17. Pursuant to 29 U.S.C. § 2104 (a) (5), the plaintiffs maintain this action on behalf of themselves and on behalf of each of the Other Similarly Situated Employees.

18. All of the other former employees are similarly situated to the plaintiffs in respect to their employment by defendant and rights under the WARN Act, 29 U.S.C § 2101, *et seq*.

19. Defendant was required by the WARN Act to give the plaintiffs and the Other Similarly Situated Employees at least 60 days advance written notice prior to their terminations.

20. Prior to their terminations, neither the plaintiffs nor the Other Similarly Situated Employees received written notice that complied with the requirements of the WARN Act.

21. Defendant failed to pay the plaintiffs and the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to provide other

3

employee benefits to which plaintiffs and Other Similarly Situated Employees were entitled.

### CLASS ACTION ALLEGATIONS RULES 23 (a) and (b)

22. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

23. The plaintiffs bring this action on their own behalf and, pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of the other employees who worked at the Sites and were terminated as part of a mass layoff and plant closing ordered by the defendant at its Plants in Fremont and Tiffin, Ohio ("Sites") on or about September 6, 2019 and thereafter ("the Class").

24. The persons in the Class identified ("Class Members") are so numerous that joinder of all Class Members is impracticable.

25. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

26. The claims of the representative parties are typical of the claims of the Class.

27. The representative parties will fairly and adequately protect the interests of the Class.

28. The plaintiff has retained counsel competent and experienced in complex class action employment litigation.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of WARN Act litigation, where an individual plaintiff and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

30. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class.

## VIOLATION OF THE FEDERAL WARN ACT

31. Plaintiffs reallege and incorporates by reference all allegations in all preceding paragraphs.

32. At all relevant times, defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

33. At all relevant times, defendant was an "employer", as that term is defined in 29 U.S.C. §2101 (a) (1) and 20 C.F.R. §639 (a) and continued to operate as a business until it decided to order mass layoffs or plant closings at the two Sites.

34. At all relevant times, plaintiffs and the Other Similarly Situated Employees were employees of defendant as that term is used in 29 U.S.C § 2101.

35. On or about September 6, 2019 defendant ordered mass layoff or plant closings at the two Sites, as that term is defined by 29 U.S.C. § 2101 (a)(2).

36. The mass layoffs or plant closings at the two Sites resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101 (a)(2) for at least 50 of defendant's employees at each Site, as well as one-hundred percent of defendant's workforce at the two Sites, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101 (a)(8).

37. Plaintiffs and the Class Members were terminated by defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by defendant at the Sites.

38. Plaintiffs and the Class Members are "affected employees" of defendant, within the meaning of 29 U.S.C. § 2101 (a)(5).

39. Defendant was required by the WARN Act to give plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

40. Defendant failed to give plaintiffs and the Class Members written notice that complied with

the requirements of the WARN Act.

41. Plaintiffs and each of the Class Members are "aggrieved employees" of defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

42. Defendant failed to pay plaintiffs and each of the Class Members their respective wages, salary, commission, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs, individually and on behalf of all Other Similarly Situated Persons, pray for the following relief against defendant;

A. Certification of this action as a class action;

B. Designation of plaintiffs as Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of the plaintiffs and each of the affected employees equal to the sum of: their unpaid wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, for up to sixty (60) days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A);

E. In the event defendant files for bankruptcy protection, allowance of all damages as first priority post-petition administrative expense pursuant to 11 U.S.C. § 503 (b)(1)(A) or, alternatively wage priority status pursuant to 11 U.S.C. § 507 (a)(4) and (5) up to $12,850.00, and the remainder as a general unsecured claim;

F.  Reasonable attorneys' fees and the costs and disbursements that plaintiffs will incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104 (a)(6);

G.  Interest as allowed by law on the amounts owed under the preceding paragraphs; and

H.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ *Joseph F. Albrechta*            .
Joseph F. Albrechta (0008478)
John A. Coble (0016445)
Jordan A. Treece (0098086)
ALBRECHTA & COBLE, Ltd.
2228 Hayes Avenue, Suite A
Fremont, Ohio 43420
(419)332-9999—telephone
(419)333-8147—facsimile
jcoble@lawyer-ac.com
kwitte@lawyer-ac.com

Counsel for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of any and all issues so triable herein.

/s/ *Joseph F. Albrechta*            .
Counsel for Plaintiffs

7